this Act takes effect shall hold office'' shall become members of the Classified State Civil Service without original examination.   There is a distinction between the appointment to an office and the holding of such office.   One appointed to an office cannot be said to hold such office until he accepts the appointment and qualifies in the manner the law requires him to qualify before entering on the duties of the office. Up to the time that the relator took the oath of office he was merely a *de facto* officer and a *de facto* officer is not entitled to a writ of mandamus in a proceeding of this kind.   He must show a clear legal right to the office to which he seeks to be restored by the writ and must allege such facts in his petition as will enable the court to determine as a matter of law that he is entitled to the writ.

We think the Circuit Court did not err in sustaining the demurrer to the petition and dismissing the same, and the judgment is affirmed.

*Affirmed.*

---

**William H. Durant, Plaintiff in Error, v. W. Scott Matthews et al., Defendants in Error.**

**Gen. No. 20,796.   (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.   Heard in this court at the October term, 1914.   Affirmed.   Opinion filed March 29, 1915.

**Statement of the Case.**

William H. Durant, plaintiff, against W. Scott Matthews and others, defendants.

The facts are the same as those in *Erickson v. Matthews, ante,* p. 201.

204    APPELLATE COURTS OF ILLINOIS.

The Rock River Confer. v. Trinity M. E. Church, 192 Ill. App. 204.

V. S. LUMLEY, for plaintiff in error.

JOHN J. POULTON and JOHN J. MAHONEY, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

MANDAMUS, § 51*—*when writ will not lie for restoration to public office.* The decision in *Erickson v. Matthews, ante,* p. 201, *held* to be controlling in this case and adhered to.

---

## The Rock River Conference et al., Plaintiffs in Error, v. Trinity Methodist Episcopal Church of Chicago, Defendant in Error.

### Gen. No. 20,761.

RELIGIOUS SOCIETIES, § 30*—*when use of property not interfered with.* A bill to restrain the Trinity Methodist Episcopal Church of Chicago from interfering with W., one of the complainants, in occupying as a parsonage and conducting religious worship in M. Chapel in accordance with the discipline and laws of the Methodist Episcopal Church, alleged that the defendant was a religious corporation in the boundaries of the R. Conference of the Methodist Church; that M. Chapel was erected by the Trustees of Trinity Church on property which had been conveyed to them and was dedicated according to the discipline of the Methodist Church; that thereafter M. Chapel was incorporated as a religious corporation; that the latter corporation was situated in the boundaries of the R. Conference; that the Presiding Bishop, at a session of the R. Conference, appointed complainant W. pastor of M. Church and said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.